NAZ AGENCY, INC., Appellant,

v.

UNITED STATES FIDELITY AND
GUARANTY COMPANY,
Appellee.

No. 14028.

United States Court of Appeals
Sixth Circuit.

April 20, 1960.

Ralph H. Adams, of Adams & Wade, Detroit, Mich., for appellant.

Walter A. Mansfield, of Mansfield, De-Witt & Sulzbach, Detroit, Mich., for appellee.

Before McALLISTER, Chief Judge, MARTIN, Circuit Judge, and HOLLAND, District Judge.

PER CURIAM.

This is an appeal from a summary judgment entered in favor of the defendant by the Chief Judge of the United States District Court for the Eastern District of Michigan. Appellant, Naz Agency, Inc., brought suit against appellee, alleging breach of an agency agreement executed between the parties on June 1, 1955. Subsequent to the execution of the agency contract in writing on that date, it is contended by appellant that an oral modification of the agreement was made wherein the United States Fidelity and Guaranty Company agreed that it would not cancel the agency contract, thereby making it irrevocable.

The appellee insurance company based its motion for summary judgment upon the pleadings and affidavits (pro and con) submitted on the motion, upon statements by counsel during pre-trial hearing, and upon depositions on file.

Pursuant to the 1955 agreement in writing, the appellee, by letter of April 28, 1958, notified appellant that it was terminating the agency agreement, effective as of May 1, 1958; and that the appellant agency would be permitted renewal applications for processing through June 30, 1958. The agency agreement was terminated because of the loss ratio of business submitted by the

appellant agency. This ratio became so high that it was unprofitable for the appellee company to continue underwriting the business secured by the appellant agency.

Appellant contends that the attempted cancellation of the contract by appellee was not effective, for the reason that the termination clause in the contract in writing (1955) had been modified orally by a special agent of the U. S. F. & G., operating in the Detroit area, with the approval of the manager and assistant manager of the Detroit office. The insistence of appellant is that the agreement, as modified, provided that the appellee should have no right to terminate the agreement at any time: in short, that an irrevocable agency was created by the oral understanding.

▆▆▆ The United States District Judge held that there was no merit in the contention that the alleged oral modification was valid. The court pointed out, upon authority, that a contract of employment for life, being extraordinary in nature and outside the regular customs and usage of business, cannot be entered into by mere implication of the authority of a corporate officer to make such a contract in behalf of his principal. The court found that there were no facts shown from which it might be inferred that any authority, express or implied, by by-law, action of the board of directors, or otherwise, had been granted by the United States Fidelity and Guaranty Company to any of the aforementioned representatives to enter into an irrevocable agreement in its behalf. Nor was there found any evidence of ratification of such an agreement.

Judge Levin said: "It would be strange indeed if the directors of a large corporation with nationwide offices granted authority to local management to enter into contracts which would deprive subsequent directors and officers of managing the affairs of the company free of restrictions imposed by persons no longer in authority. This is incomprehensible to me."

▆▆▆

Inasmuch as the alleged oral modification was found to be invalid, the appellee lawfully cancelled the contract in writing, pursuant to its termination clause.

For the foregoing reasons, well and succinctly stated by Judge Levin, the granting of the motion for summary judgment is affirmed.